# EXHIBIT 1

| AOC-105   Doc. Code: CI | | Case No. 20-CI-01560 |
|---|---|---|
| Rev. 1-07 Page 1 of 1 Commonwealth of Kentucky Court of Justice   www.courts.ky.gov CR 4.02; CR Official Form 1 | CIVIL SUMMONS | Court ☑ Circuit ☐ District |
| | | County   Jefferson |

**PLAINTIFF**

JEREMY HENKEN

IRON WORKERS
BENEFIT TRUST
PENSION TRUST
ANNUITY TRUST

MAR 18 2020

RECEIVED

JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

VS.

**DEFENDANT**

IW TRUST FUNDS
1470 WORLDWIDE PLACE
VANDELA OH 45377

MAR 13 2020

Service of Process Agent for Defendant:
SECRETARY OF STATE

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

DAVID L. NICHOLSON, CLERK

Date: FEB 28 2020, 2___

_____ Clerk
By: _____ D.C.

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other Initiating document) to:

_____

this _____ day of _____, 2_____.

Served by: _____

_____ Title

NO: 20CI01560

JEFFERSON CIRCUIT COURT
DIVISION   JEFFERSON CIRCUIT COURT
DIVISION TEN (10)

JEREMY HENKEN ) PLAINTIFF
)
v. )
) COMPLAINT
)
)
IW TRUSTFUNDS ) DEFENDANT
1470 WORLDWIDE PLACE )
VANDADLIA, OH 45377 )
)

IRON WORKERS
BENEFIT TRUST
PENSION TRUST
ANNUITY TRUST

MAR 18 2020

RECEIVED

SERVE:
SECRETARY OF STATE
700 CAPITOL AVE
SUITE 152
STATE CAPITOL
FRANKFORT KY 40601

A COPY
ATTEST: DAVID L. NICHOLSON, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY_____D.C.

\*\*\*              \*\*\*              \*\*\*

Comes the Plaintiff, JEREMY HENKEN, by counsel, and for his cause of action against Defendant states as follows:

## PARTIES AND VENUE

1. Plaintiff is a resident of Louisville, Jefferson County, Kentucky.
1. Defendant, Cigna Group Insurance Company (hereinafter "carrier" or "Defendant" or "Cigna") also sometimes known as "Life Insurance Company of North America" is a corporation doing business in the Commonwealth of Kentucky.
2. This is an action brought by a participant to recover long term disability benefits ("LTD") due to his under the terms of a Pension Trust. The trust is part of an employment benefit, however if, after discovery is tendered it appears employer is a government agency this is claim in simple contract. If not this action is therefor is governed by Section 503 29 CFR § 2560.503 of the Employment Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §1132(e). Claims arising from Section 503 are governed by the procedures set forth in by §502(e), 29 U.S.C.

§1132(e), of ERISA which is more specifically becomes a essentially contract for disability insurance benefits.

3. This Court has concurrent jurisdiction with the Federal District Court.



### FACTS

4. Plaintiff was a plan participant in the Iron Workers District Counsel f Southern Ohio & Vicinity Pension Trust ("trust plan administrator") for a sufficient time period so as to be eligible for coverage under the terms of a wage replacement and disability insurance contract or provision

5. As a full time employee, Plaintiff was eligible for, and was participating in the long-term disability plan ("LTD" and "plan" respectively) offered by employer.

6. At all times relevant to this Complaint, the Plan was administered by trust plan administrator and at all relevant times trust plan administrator remained the *de facto* "plan administrator" and disability determination agent.

7. By virtue of Plaintiff's medical impairments, and according to medical personnel, it is apparent that Plaintiff is permanently and totally disabled.

8. Plaintiff applied for and was granted LTD. Later, the Defendant re-reviewed the file and denied same.

9. For reasons that are medically and contractually mysterious trust plan administrator decided to review the file. The re-review resulted in a denial.

10. Plaintiff has exhausted all administrative remedies.

11. Trust plan administrator's in house medical review performed by the Defendant's "hired medical reviewer(s)", practitioner(s) of unknown qualifications, erroneously concluded that the Plaintiff was able to perform an occupation. The Defendant Cigna fails to offer a rational basis as to why it does not concur with a diagnosis of disability consistent with Plaintiff's treating physicians who opine Plaintiff cannot return to work. By relying only on its reviewing physicians, Cigna has violated its fiduciary duty to Plaintiff and the ERISA statue. Kalish v. Liberty Mutual, 419 F.3d 501 (6th Cir. 2005).

12. Trust plan administrator's in-house reviewing staff erroneously concluded that the Plaintiff was capable of returning to work and to work full time, as she did before the onset of his disability. Cigna refused to consider all of the Plaintiff's medical ailments and combined effect on him to terminate benefits. Said action is in violation of Sixth Circuit jurisprudence.

13. Trust plan administrator s refusal to consider Plaintiff's combination of medical impairments,

and the effect each has on the other, is error. The Claimant is entitled to have the combination of all impairments considered under the Plan. The Defendant so callously ignored substantive medical proof that it cannot now enjoy the, so-called, arbitrary and capricious standard of review despite plan language to the contrary, and the medical history should be reviewed *de novo*.

14. Trust plan administrator is legally unable to cancel Plaintiff's benefits based on even its own medical and vocational findings.
15. Any physician who has personally treated the Plaintiff has never questioned the permanency and totality of Plaintiff's disability.
16. Defendant's conclusions that Plaintiff is not totally disabled was arbitrary and capricious, based on faulty data, flies in the face of the longitudinal medical evidence from the treating sources, and was executed in violation of relevant provisions of the plan.
17. At all relevant times Defendant was acting under a conflict of interest as it was the entity which determined if the Plaintiff was disabled and the entity which is responsible for payment of LTD wage replacement benefits.
18. In accordance with the terms of the plan, the Plaintiff did apply for Social Security Disability benefits ("SSDI") from the Social Security Administration ("SSA").
19. Plaintiff was awarded SSDI benefits. Defendant can ignored the finding of SSA without adequate explanation in its decision. Whitaker v. Hartford Life and Accident Co. 404 F.3d 947 (6th Cir. 2005).

IRON WORKERS
BENEFIT TRUST
PENSION TRUST
ANNUITY TRUST
MAR 18 2020
RECEIVED

## COUNT 1
## BREACH OF ERISA STATUTE

20. Pursuant to the ERISA statute Plaintiff is entitled to long-term disability benefits under the Plan.
21. Alternatively, Defendant has wrongfully denied Plaintiff LTD benefits and has breached the terms of the Plan under the dictates of the simple contract.
22. Defendant's decision to deny Plaintiffs benefits and their claim handling have been arbitrary and capricious and is not supported by substantial evidence, and is tantamount to a breach of contract, violating Plaintiff's expectations pursuant to the terms of the contract of insurance.

WHEREFORE the Plaintiff prays as follows:

1. For payment of disability benefits due to him, calculated from the date benefits were ceased until the present, with interest to the extent permitted by law;
1. For an Order compelling Defendant to continue all disability benefits from the present forward in time until such time as the terms of Defendant's contract of insurance permits a reinvestigation of Plaintiff's continued medical eligibility under the Plan;
2. For attorney's fees and expenses that Plaintiff has incurred for enforcing his ERISA contractual rights as well as any other rights;
3. For any and all equitable relief Plaintiff is entitled to under common law contract theory, tort, or under ERISA, including Defendants' assistance in remedying any damage their termination of benefits has caused respecting Plaintiff's credit history;
4. For his costs expended herein;
5. For any and all relief to which Plaintiff may be entitled under any legal claim, whether it be pursuant to a contract claim, state based statutory claims, federal ERISA based claims, or other claims that may arise once discovery is complete.

Respectfully submitted,

_____
ROBERT A. FLORIO
1500 Story Ave
Louisville, KY 40206
Co-Counsel for Plaintiff
502-587-0228

IRON WORKERS
BENEFIT TRUST
PENSION TRUST
ANNUITY TRUST

MAR 18 2020

RECEIVED



Kentucky
UNBRIDLED SPIRIT

MICHAEL G. ADAMS
SECRETARY OF STATE
P.O. Box 718
Frankfort, Kentucky 40602-0718

☑ REGISTER TO VOTE

IW TRUST FUNDS
1470 WORLDWIDE PLACE
VANDELA, OH 45377

7019 2280 0000 7822 5409

neopost
03/19/2020
US POSTAGE $007.60
ZIP 40601
041M11226017

FIRST-CLASS MS



Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

March 13, 2020

IW TRUST FUNDS
1470 WORLDWIDE PLACE
VANDELA, OH 45377

IRON WORKING
BENEFIT TRUST
PENSION TRUST
ANNUITY TRUST
MAR 18 2020
RECEIVED

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 20-CI-01560

COURT:  Circuit Court Clerk
        Jefferson County, Division: 10
        700 West Jefferson St.
        Louisville, KY 40202
        Phone: (502) 595-3055

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) Your attorney, or
(2) The attorney filing this suit whose name should appear on the last page of the complaint, or
(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.