UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

Jeramy Henken                                                  PLAINTIFF

v.                                                    NO. 3:20-CV-235-CRS

Iron Workers District Council of Southern              DEFENDANTS
Ohio & Vicinity Pension Trust, *et al.*

<u>**Memorandum Opinion**</u>

**I**

This matter is before the Court on Defendants' motion to transfer venue from the Western District of Kentucky to the Southern District of Ohio.  DN 12.  The case arose over a denial of benefits under a pension plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*  The motion is premised on forum selection clauses contained in the plan documents.  DN 12 at 6.  Plaintiff Jeramy Henken neither objected nor responded to the motion.  The matter is now ripe for adjudication.  Having examined the motion and being fully advised, the Court will grant Defendants' motion to transfer venue.

**II**

A motion to transfer venue based on a party's request to enforce a forum selection clause is properly treated as a motion to transfer venue under 28 U.S.C. § 1404(a).  *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 52 (2014).  The statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The district court must first address whether the forum selection clause is valid and enforceable.  *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).  The clause

"should be upheld absent a strong showing that it should be set aside." *Id.* "The party opposing the forum selection clause bears the burden of showing that the clause should not be enforced." *Id.* If the clause is enforceable, the district court must transfer the case unless "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Atl. Marine Const. Co.*, 571 U.S. at 52.

## III

Defendants request that the Court enforce the forum selection clauses, which designate the Southern District of Ohio as the agreed upon venue for any litigation in connection with the pension plan.

### A.    Validity of the Forum Selection Clauses

It is important to note at the outset that, in the Sixth Circuit, ERISA's statutory scheme does not preclude forum selection clauses. *Smith v. Aegon Companies Pension Plan*, 769 F.3d 922, 931 (6th Cir. 2014). Therefore, so long as the clause is valid and enforceable, it is treated the same as in any other contractual setting. *See id.* In *Wong v. PartyGaming Ltd.*, the Sixth Circuit identified three factors courts must consider when determining whether a forum selection clause is valid and enforceable: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." 589 F.3d at 828. Here, the plaintiff bears the burden of showing that the clauses are not enforceable. *Id.* However, since Plaintiff filed no response to Defendants' motion to transfer, the Court has no basis upon which to deny the motion. There is nothing in the record to suggest the clauses are not enforceable.

### B.    Transfer

The Southern District of Ohio is a district where this case "might have been brought" originally, as that is where the ERISA plan at issue is administered.  28 U.S.C. § 1404(a), § 1391(b); DN 12 at 5.  Since the parties have agreed to a valid forum selection clause, the Court "may consider arguments about public-interest factors only" when applying the § 1404 analysis. *Atl. Marine Const. Co.*, 571 U.S. at 64.  In this case, no such arguments have been made.

IV

For the reasons stated herein, the Court will grant Defendants' motion to transfer this case to the United States District Court for the Southern District of Ohio.  A separate order will be entered in accordance with this opinion.

September 4, 2020

**Charles R. Simpson III, Senior Judge**
**United States District Court**